Filed 2/16/21  P. v. Duran CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JASMINE CHERIE DURAN,<br><br>  Defendant and Appellant. | 2d Crim. No. B303084<br>(Super. Ct. No. 2016043592)<br>(Ventura County) |

Jasmine Cherie Duran appeals a post-judgment order following conviction of fleeing the scene of a vehicle accident causing permanent, serious injury.  (Veh. Code, § 20001, subd. (b)(2).)  We affirm the victim restitution order imposed at a separate hearing following sentencing.  (Pen. Code, § 1202.4, subd. (f)(3).)[1]

This appeal concerns restitution for economic losses for the tragic and profound injuries suffered by Linda O'Connor when

_____

[1] All further statutory references are to the Penal Code unless stated otherwise.

Duran struck her as she rode her bicycle on a public street. Duran then fled the scene and attempted to conceal her vehicle. At sentencing, the trial court ordered Duran to pay victim restitution to O'Connor and members of her family. The court later determined these amounts during a contested hearing that concerned the applicability of *People v. Martinez* (2017) 2 Cal.5th 1093, 1098, 1103 (*Martinez*), to the direct restitution amounts. Duran now challenges this order and asserts that the court abused its discretion because restitution may concern only the losses resulting from her flight from the scene. (*Ibid.*) We reject her contentions and affirm.

*FACTUAL AND PROCEDURAL HISTORY*

The Ventura County District Attorney charged Duran with one count of driving while under the influence of a drug, causing injury (count 1); and one count of fleeing the scene of an accident, causing permanent, serious injury (count 2). (Veh. Code, §§ 23153, subd. (f), 20001, subd. (b)(2).) The prosecutor also alleged that concerning count 1, Duran personally inflicted great bodily injury, causing a coma or permanent paralysis. (§ 12022.7, subd. (b).)

Prior to trial, Duran stipulated to the elements of count 1, with the exception of the element of being under the influence at the time of the accident. She also admitted the great bodily injury allegation regarding count 1. In addition, Duran stipulated concerning count 2, "The accident I caused resulted in permanent, serious injury to someone else." Duran acknowledged in writing that she discussed "the direct and indirect consequences of the . . . stipulations and admissions with my attorney, and [she] understand[s] and accept[s] those consequences . . . ."

2

The jury could not agree upon a verdict regarding count 1, but it convicted Duran of count 2.  Upon the prosecutor's motion, the trial court later dismissed count 1 and its associated great bodily injury enhancement.  At sentencing, the court noted Duran's prior criminal history and the callous nature of the crime and sentenced her to the upper four-year term of imprisonment.  The trial judge stated that the four-year term was the maximum sentence he could impose and that O'Connor was suffering the lasting effects of a "very tragic accident."  The court also imposed minimum fines and fees, ordered victim restitution, and awarded Duran 1,460 days of presentence custody credit.

The trial court later held a contested restitution hearing and received written and oral argument from the parties.  The court then decided to award $602,258 restitution to O'Connor and her husband for the losses she suffered from the accident, consisting of future losses and lost wages.

Duran now challenges this order.

## DISCUSSION

Duran argues that the trial court improperly awarded restitution amounts for the accident in contravention to our Supreme Court's decision in *Martinez*.  She asserts that restitution amounts are limited to the victims' losses incurred by her flight from the accident scene.  (*Martinez*, *supra*, 2 Cal.5th 1093, 1098 [trial court may order restitution only for those injuries that were caused or exacerbated by defendant's criminal flight from the accident scene].)

*Martinez*, *supra*, 2 Cal.5th 1093, involved a traffic collision between Martinez, driving a truck, and a child riding a scooter. Martinez was charged with, and pleaded guilty to, one felony count of fleeing the scene of an injury accident.  (Veh. Code,

3

§ 20001, subd. (a); *Martinez*, at p. 1098.) Information contained in police reports and statements at the sentencing hearing conflicted as to whether Martinez or the child was at fault for the accident. (*Martinez.* at pp. 1098-1099.) The trial court made no factual findings regarding Martinez's responsibility for the accident. (*Id.* at p. 1099.)

Our Supreme Court described the Vehicle Code section 20001, subdivision (a) crime as involving not " 'hitting,' " but " 'running.' " (*Martinez, supra*, 2 Cal.5th 1093, 1102.) *Martinez* noted that the occurrence of an injury accident was not an element of the crime of fleeing an injury accident and no degree of fault was required for a conviction. (*Id.* at pp. 1102-1103.) For this reason, restitution for losses includes only those incurred as a result of the defendant's unlawful flight from the accident scene, but not losses incurred as a result of the accident. (*Id.* at p. 1103; *id.* at p. 1104 [involvement in an accident forms no part of the conduct proscribed by Vehicle Code section 20001, subdivision (a)].) "Section 1202.4 does not . . . permit courts to order direct victim restitution for losses that occur as a result of an underlying accident that involves no criminal wrongdoing." (*Martinez*, at p. 1107.) *Martinez* acknowledged, however, that "[a] different result might obtain" if defendant's crimes included an offense of driving under the influence that caused the accident or resulted in the victim's injuries. (*Id.* at p. 1107, fn. 3 ["A different result might obtain if the defendant's crimes included an offense, such as . . . driving under the influence . . . that caused the accident that resulted in the victim's injuries. Defendant in this case [Martinez] was neither charged with nor convicted of such an offense"].)

4

The trial court acted within its discretion by ordering direct restitution for economic losses as a result of Duran's conviction for fleeing the scene of an accident.  Martinez does not help Duran here.  Duran was charged with, but not convicted of, driving while under the influence of a drug, causing injury (count 1).  The prosecutor also charged a great bodily injury allegation associated with this count.  Duran, however, stipulated in writing that she drove a vehicle and committed an illegal act causing great bodily injury to O'Connor.  Duran also stipulated that "[t]he accident [she] caused resulted in permanent, serious injury to someone else (count 2)."  She stated that she made the stipulations and admissions voluntarily without threat or coercion.  Duran acknowledged in writing that she discussed "the direct and indirect consequences" of the stipulations and admissions with her attorney and understood and accepted those consequences.

Trial counsel apparently made a tactical decision to have his client sign the stipulation.  It likely forestalled the introduction of highly prejudicial but relevant testimony concerning the victim's injuries.  And this in turn may have ultimately involved the dismissal of count 1.

Unlike the factual circumstances in *Martinez*, Duran admitted responsibility for the collision and causing O'Connor permanent, serious injuries.  (Cf. *Martinez*, *supra*, 2 Cal.5th 1093, 1099 [no factual determination made of Martinez's responsibility for the collision or the victim's injuries].)  Duran argues the stipulation does not state the cause of the accident was the result of a criminal act.  Duran's efforts to parse the meaning of the stipulation regarding count 2 belies its plain meaning and is unavailing.   The trial court is not ordering

5

Duran to pay direct victim restitution encompassing losses from "*noncriminal* conduct." (*Id.* at p. 1105.)

Section 1202.4, subdivision (f) limits restitution to those losses as a "result of the defendant's conduct." Restitution amounts shall consist of "full restitution." (*Ibid.*) Subdivision (f)(3) provides: "To the extent possible, the restitution order shall be prepared by the sentencing court, shall identify each victim and each loss to which it pertains, and shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct . . . ." Here, according to Duran's stipulations and admissions, she admitted her "criminal conduct" and acknowledged that it caused permanent, serious injury to O'Connor. (*People v. Martinez*, *supra*, 2 Cal.5th 1093, 1107 [section 1202.4 is entitled to a "broad and liberal construction"].) The trial court's order was reasonable and not an abuse of discretion. (*Martinez*, at pp. 1102, 1107, fn. 3.)

*DISPOSITION*

The restitution order is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

6

Anthony J. Sabo, Judge

Superior Court County of Ventura

_____

Todd W. Howeth, Claudia Bautista, Public Defenders, and Thomas Hartnett, Senior Deputy Public Defender.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez, Wyatt E. Bloomfield and Paul S. Thies, Deputy Attorneys General, for Plaintiff and Respondent.